UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLLIN EAGEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No._____ |
| ) | |
| v. ) | |
| ) | **Jury Trial Demanded** |
| EMORY UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Collin Eagen ("Mr. Eagen") files this Complaint against Defendant Emory University ("Emory" or "Defendant") for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). In support thereof, he offers the following:

### PARTIES

1. Mr. Eagen is a citizen of the United States. He submits himself to the jurisdiction of this Court.

2. Defendant is a private corporation registered to do business in the State of Georgia and has the capacity to be sued.

3. At all relevant times, Mr. Eagen was an employee of Defendant.

4. Defendant employs more than fifteen employees in the area of Atlanta, Georgia.

5. Defendant is and was, at all relevant times, engaged in industries affecting interstate commerce, including education, healthcare, research, and others.

6. Defendant can be served with process by service upon its registered agent, located at Emory University, 201 Dowman Drive, 312 Administration Building, Atlanta, GA 30322.

## JURISDICTION AND VENUE

7. This Court has original, federal-question jurisdiction over this action, pursuant to 28 U.S.C. § 1331.

8. The acts and omissions giving rise to Plaintiff's claims, including the work he performed for Defendant and relevant communications with Defendant concerning his employment, occurred within this district and division. This Court therefore has personal jurisdiction over Defendant, and venue is proper in this Court.

## ADMINISTRATIVE EXHAUSTION

9. On November 4, 2024, Mr. Eagen timely filed with the Equal Employment Opportunity Commission ("EEOC") a signed charge alleging discrimination and retaliation by Defendant because of sex and transgender status in violation of Title VII, among other things.

10. On May 14, 2025, the EEOC issued Mr. Eagen a notice of right to sue. He now timely brings this Complaint.

## FACTS

11. Mr. Eagen began his employment with Defendant on or around June 3, 2024, as a Summer Research Assistant.

12. Mr. Eagen relocated from his home in Colorado to Atlanta for the job.

13. On June 3, 2024, Mr. Eagen began his orientation, with his first day of work being June 4, 2024.

14. Emory assigned Mr. Eagen to an office and a desk near the desk of another employee, Darcey Still.

15. Emory also assigned Mr. Eagen to training on Emory's anti-harassment policies and relevant federal and state laws.

16. During the training, Mr. Eagen vocally expressed his personal frustrations and disbelief with the fact that, even today, some people are inclined to sexual harassment and need to be reminded that it is wrong and hurtful. Mr. Eagen also expressed his disappointment that the Georgia code still on its face criminalizes consensual homosexual relationships in provisions referring to "sodomy."

17. Ms. Still, who was not a newly hired employee, downplayed the importance of the trainings and encouraged Mr. Eagen just to "get the answers from quizlet.com."

18. The following day, June 5, 2024, Mr. Eagen and Ms. Still continued to chat occasionally during their work, getting to know each other some as people sharing office space tend to do.

19. Mr. Eagen told Ms. Still that much of his prior research experience concerned gender-affirming voice therapy and that one reason this subject-matter was of interest to him is that he is both transgender and a singer.

20. Thereafter, Ms. Still became much less cordial with Mr. Eagen, avoiding him, avoiding eye contact with him, and chatting less with him.

21. On June 6, 2024, Ms. Still met with Professor Amanda Gillespie, one of Mr. Eagen's and Ms. Still's common supervisors in the lab where they worked.

22. According to the Position Statement Emory submitted to the EEOC, Ms. Still made a complaint about Mr. Eagen that day.

23. The Position Statement does not include a copy of Ms. Still's complaint or allege that any record of it exists.

24. On information and belief, Emory did not investigate Ms. Still's complaint.

25. The morning of June 7, 2024, Dr. Gillespie and Reid Willingham, Administrator of Emory Otolaryngology, called Mr. Eagen into an unscheduled meeting and terminated his employment immediately.

26. Dr. Gillespie stated that the reason for the termination was Ms. Still's complaint, although she did not identify Ms. Still by name at the time.

27. Contrary to Dr. Gillespie's representation to Mr. Eagen during the separation meeting, Mr. Eagen's formal Separation Notice filed with the Georgia Department of Labor falsely claims that Mr. Eagen was separated due to "End Temporary Employment."

28. Mr. Eagen, during his brief employment with Emory, did not have any problems with attendance, job performance, insubordination, or any other legitimate basis for employment discipline of any kind.

29. Mr. Eagen, during his brief employment with Emory, did not engage in any kind of conduct or expression which could in any way support a legitimate complaint against him, by Ms. Still or any other employee.

30. Emory's stated reason for terminating Mr. Eagen's employment is baseless and pretextual.

31. Emory terminated Mr. Eagen's employment because of Mr. Eagen's disclosure that he is transgender.

32. Emory terminated Mr. Eagen's employment because of Ms. Still's complaint about Mr. Eagen, which she would not have made but for his disclosure that he is transgender.

33. Immediately upon learning that Defendant was terminating his employment because of a false complaint against him, Mr. Eagen suspected that the complaint was discriminatory in nature.

34. During the termination meeting on June 7, 2024, Mr. Eagen asked if he had any recourse and expressed his opinion that the complaint was not just false but also potentially discriminatory (lacking sufficient information at the time to know with any certainty that the complaint was in fact discriminatory).

35. At the meeting, Mr. Willingham and Dr. Gillespie informed Mr. Eagen that Human Resources would contact him about his concerns.

36. By June 11, 2024, Human Resources had still not contacted Mr. Eagen about his concerns. He emailed Ms. Willingham and Dr. Gillespie reiterating his concerns that the complaint was not just false but also discriminatory, reiterating his request to talk to Human Resources about an investigation into the complaint, and reminding Ms. Willingham and Dr. Gillespie they had told him they would have Human Resources contact him.

37. On June 13, 2024, Ms. Willingham responded and directed Mr. Eagen to a specific contact in Human Resources, Coral Baez.

38. On July 1, 2024, having still heard nothing from Human Resources about his concerns and requests, Mr. Eagen emailed Ms. Baez directly.

39. Neither Ms. Baez nor anyone else in Emory's Human Resources department ever contacted Mr. Eagen regarding his concerns or requests.

40. Emory denied Mr. Eagen the opportunity to file any formal complaint that the discipline against him was discriminatory in nature.

41. Emory refused to explain to Mr. Eagen the process for filing any such complaint.

42. Emory refused to entertain Mr. Eagen's request for reinstatement.

43. Emory denied Mr. Eagen this opportunity, refused him this explanation, and refused to consider reinstating him because he had expressed concerns about sex discrimination in violation of Title VII.

44. Emory's conduct in response to Mr. Eagen's complaint would dissuade a reasonable person under the circumstances from making such a complaint.

45. Emory's conduct described herein was done maliciously and with reckless indifference to his rights under federal law, including under Title VII.

46. Emory's discriminatory termination of Mr. Eagen's employment has caused him substantial emotional distress and pecuniary harm.

47. Emory's retaliation against Mr. Eagen has caused him substantial emotional distress and pecuniary harm.

## CLAIMS

## Count 1 – Sex Discrimination in Violation of Title VII

48. Title VII prohibits covered entities from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex," among other things 42 U.S.C. § 2000e-2(a)(1).

49. Title VII's prohibition on sex discrimination includes discrimination against people for being transgender. *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 662 (2020).

50. At all relevant times, Defendant had more than fifteen employees and was engaged in industries affecting interstate commerce and is therefore an "employer" for the purposes of Title VII. 42 U.S.C. § 2000e(b).

51. As set forth in more detail above, Defendant terminated Mr. Eagen's employment because of his sex, in violation of Title VII.

52. Defendant's conduct described herein was malicious and done with reckless disregard to Mr. Eagen's rights, motivated by discriminatory animus and, among other things, a desire to accommodate the discriminatory animus of its other employees including Ms. Still.

53. Defendant is therefore liable to Mr. Eagen for sex discrimination in violation of Title VII. Specifically, for its illegal conduct, Defendant is liable to Mr.

Eagen for both prospective relief and damages including but not limited to lost wages and benefits, compensatory damages, punitive damages, attorneys' fees, and other costs of litigation.

### Count 2 – Retaliation in Violation of Title VII

54. Title VII's prohibition on discrimination includes as one kind of prohibited act retaliation, defined as "discriminat[ing] against any . . . employee[] or applicant[] for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter," among other things. 42 U.S.C. § 2000e-3(a).

55. At all relevant times, Defendant had more than fifteen employees and was engaged in industries affecting interstate commerce and is therefore an "employer" for the purposes of Title VII. 42 U.S.C. § 2000e(b).

56. Mr. Eagen engaged in activity protected by Title VII when he expressed his concerns that the false complaint against him was discriminatory in nature, as set forth in more detail above.

57. Because of Mr. Eagen's protected activity, Defendant retaliated against him in multiple ways, including by reneging on the offer to put him in touch with Human Resources and refusing to communicate with him further about his termination, request for reinstatement, and request to file a formal complaint of discrimination, as set forth in more detail above.

58. Defendant would not have retaliated against Mr. Eagen but for his Title VII-protected activity.

59. Defendant's conduct described herein was malicious and done with reckless disregard to Mr. Eagen's rights, motivated by discriminatory animus and, among other things, a desire to accommodate the discriminatory animus of its other employees including Ms. Still.

60. Defendant is therefore liable to Mr. Eagen for retaliation in violation of Title VII. Specifically, for its illegal conduct, Defendant is liable to Mr. Eagen for both prospective relief and damages including but not limited to lost wages and benefits, compensatory damages, punitive damages, attorneys' fees, and other costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

a. for a trial by jury;

b. for a declaratory judgment that Defendant's acts complained of herein were in violation of Title VII;

c. for an award of all lost wages to Plaintiff;

d. for an award of compensatory damages to Plaintiff;

e. for an award of punitive damages to Plaintiff;

f. for an award of prejudgment and post-judgment interest;

g.    for an award of costs and expenses of this action, including reasonable attorneys' fees, expert fees, and costs; and

h.    for any further and additional legal and equitable relief as the Court deems just and proper.

Respectfully submitted this 11th day of August 2025.

/s/ *Justin M. Scott*
Justin Scott
Georgia Bar No. 557463
Jake Knanishu
Georgia Bar No. 597103
Radford Scott LLP
125 Clairemont Ave., Suite 380
Decatur, Georgia 30030
T: (404) 400-3600
jscott@radfordscott.com
jknanishu@radfordscott.com

/s/ *Anita K. Balasubramanian*
Anita K. Balasubramanian
Georgia Bar No. 372029
Joseph Quattlebaum
Georgia Bar No. 319971
Buckley Bala Wilson Mew LLP
201 17th Street NW, Suite 630
Atlanta, Georgia 30363
T: (404) 781-1100
F: (404) 781-1101
abala@bbwmlaw.com
jquattlebaum@bbwmlaw.com

*Counsel for Plaintiff*